**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juventino MEJIA–OROSCO,
Defendant–Appellant.**

No. 88–5584.

United States Court of Appeals,
Fifth Circuit.

March 31, 1989.

---

Alfredo Villarreal, Asst. Federal Public Defender, Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Everberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

## ON PETITION FOR REHEARING

Before CLARK, Chief Judge, HIGGINBOTHAM, Circuit Judge, and LITTLE *, District Judge.

PER CURIAM:

On petition for rehearing, Mejia–Orosco correctly points out that 18 U.S.C.

§ 3742(d), now renumbered § 3742(e), was amended in November of 1988 by the Anti–Drug Abuse Act of 1988. *See* P.L. 100–690, reprinted in 1988 U.S.Code Cong. & Admin.News at 102 Stat. 4181, 4417. Neither side reported this amendment in its briefs, or at oral argument. However, the amendment supports our original opinion, to which we adhere.

Prior to November 18, 1988, section 3742(d) stated, in part, that the "court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous." *United States v. Mejia–Orosco,* 867 F.2d 216, 218 (5th Cir.1989). The November amendment renumbers the section, and adds to the end of the phrase just quoted, "and shall give due deference to the district court's application of the guidelines to the facts."

This amendment reinforces the approach we adopted in our original disposition of this case. The amendment reaffirms that Congress intends to protect the judgment of the district courts. As we stated earlier, "sentencing under the guidelines is not ... an exact science. Justice cannot be meted out according to mathematical formulas.... The sentencing guidelines are not intended to cover all contingencies or rigidly bind district judges." *Mejia–Orosco,* 867 F.2d at 219.

Mejia–Orosco, however, contends that the amendment bars us from using the clearly erroneous standard to review the district court's determination of manager status. He would have us develop a separate "due deference" standard for review of determinations of sophisticated or complex facts, such as manager status. His argument is mistaken. The amendment's addition to the statute does not remove any finding of fact from the protection of the clearly erroneous rule. On the contrary, it serves as an additional caution against overly intense judicial review.

* District Judge of the Western District of Louisi-    ana, sitting by designation.

■ Indeed, as it originally stood, section 3742 instructed courts to give due regard to credibility determinations, and to uphold factual determinations of the district unless they are clearly erroneous. The "due regard" language does not establish a separate "due regard" standard for review of the sentencing judge's resolution of credibility issues. The clearly erroneous standard appellate courts have long applied to fact review serves to protect the sentencing judge's evaluation of witness testimony. The "due regard" clause which expressly requires clearly erroneous review does no more than remind appellate courts of the reasons for, and necessity of, deference to the trial court. The added "due deference" language does no more.

Mejia–Orosco attempts to buttress his argument by reference to excerpts from the *Congressional Record; see Congressional Record* at H11257 (October 21, 1988) (section-by-section analysis of the Anti–Drug Abuse Act of 1988); but the thrust of the legislative analysis supports our original disposition of this appeal. The record discussion of the amendment to section 3742(d) provides:

> The deference due a district court's determination will depend upon the relationship of the facts found to the guidelines standard being applied. If the particular determination involved closely resembles a finding of fact, the court of appeals would apply a clearly erroneous test. As the determination approaches a purely legal determination, however, the court of appeals would review the determination more closely.

*Congressional Record* at H11257 (1988). The purported purpose of the amendment was to "give the court of appeals flexibility in reviewing the application of a guideline standard that involves some subjectivity." *Id.* Our *Mejia–Orosco* decision, recognizing that the district court's decision "closely resembles a finding of fact," and so was protected by the clearly erroneous standard, is consistent with both the letter and the spirit of the amendment.

Mejia–Orosco, however, focuses not upon this express statement of the amendment's purpose, but on an example which an earlier paragraph in the congressional analysis uses to demonstrate the need for deference to district courts. The example refers to section 3A1.1 of the guidelines, which calls for a 2-level increase to the defendant's offense level when the defendant "knew or should have known that the victim of the offense was unusually vulnerable due to age, physical or mental condition, or that the victim was particularly susceptible to the criminal conduct." The *Congressional Record* analysis goes on to suggest that while the victim's "age" or "physical ailments" may be "objective facts" protected by the clearly erroneous standard, the victim's "vulnerability" will be a "subjective" judgment that may require a different standard of review.

The example is inaptly chosen to explain the intent of the Congressional amendment, which is plain from the language of the amendment itself. In fact, matters such as "age" or "physical ailments" are the sort of facts which may be effectively reviewed by an appellate court. For example, the victim's birth certificate or a medical diagnosis might have been introduced into the record. On the other hand, "vulnerability" is the sort of fact which the trial court is peculiarly well-positioned to gauge, particularly in instances when the trial court has had an opportunity to observe the victim in court. In general, vulnerability is a complex fact dependent upon a number of characteristics which a trial court could not possibly articulate completely. Certainly, a judgment as to vulnerability is not reducible to a calculation of the victim's age or to a diagnosis of the victim's disease. To adhere to the suppositions of this one example, which effectively constricts the district court's fact-finding power, would be to defeat the clear words of the amendment itself.

In any event, Mejia–Orosco attaches too much weight to the *Congressional Record* excerpts. Legislative history is not like the text of the statute, voted upon by both houses of Congress, then signed by the President, and so an authoritative expression of the law. Legislative history cannot be used to distort the plain text of the statute. Moreover, a particular passage may represent no more than a single mem-

ber's opinion. We will not give such a passage dispositive import absent any indication that it represented the views of Congress as a whole. That is especially true when, as here, the passage is judicially inaccurate.

The amendment upon which Mejia–Orosco stakes his case commands appellate courts to defer to district courts. We did so. We are also told to give "due deference" to the district courts. For the reasons explained in our original opinion, the "clearly erroneous" standard provides exactly the deference due to the district court.

Mejia–Orosco urges that our interpretation of the "clearly erroneous" standard renders the newly added "due deference" language surplussage. We do not agree. Section 3A1.1 itself furnishes an example of the amendment's import, albeit not the example postulated in the *Congressional Record.* The section imposes an upward adjustment on the basis not only of what the defendant knew, but also on the basis of what the defendant *should have known.* Although matters such as vulnerability or knowledge are complex facts subject to observation, what should have been known is in some respects counter-factual. The "due deference" language, however, recognizes that a determination as to what the defendant should have known will benefit from the sentencing judge's experience and greater familiarity with the details of a defendant's case. Deference is therefore warranted not only as to the district court's determinations about what was known, but also as to the court's determinations about what should have been known.

For these reasons, we adhere to our original opinion in this case. The petition for rehearing is

DENIED.