**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bettie Mae STRONG,
Defendant–Appellant.**

No. 89–1512.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1989.

Sloan B. Blair, Fort Worth, Tex. (Court-appointed), for defendant-appellant.

Frederick M. Schattman, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GOLDBERG, GARWOOD and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant Bettie Mae Strong (Strong) appeals the sentence that the district court imposed upon her for conviction of use of a communication facility to facilitate a drug offense in violation of 21 U.S.C. § 843(b). We affirm.

**Facts and Proceedings Below**

Strong was charged in a one count indictment with the offense of possession with intent to distribute more than one hundred grams of heroin in violation of 21 U.S.C. § 841(a)(1). She eventually pleaded guilty to one count of use of a communications facility to facilitate a drug offense in violation of 21 U.S.C. § 843(b). In connection with her plea agreement, the original possession count was dismissed on the government's motion, and Strong stipulated to facts that established she possessed 130.3 grams of heroin with intent to distribute it. Applying the sentencing guidelines, the district court sentenced Strong to forty-eight months' imprisonment, the statutory maximum for the communication facility offense. Strong appeals only from the sentence, alleging (1) that the district court misapplied the applicable guidelines, or alternatively (2) that the guidelines operated to deny her due process of law in violation of the Fifth Amendment.

**Discussion**

Ordinarily, the first step in applying the sentencing guidelines is to determine the offense guideline in Chapter Two that is most applicable to the offense of conviction. Sentencing Guidelines, § 1B1.1(a). This general rule is qualified, however, by, *inter alia*, the proviso that "in the case of conviction by a plea of guilty or *nolo contendere* containing a stipulation that specifically establishes a more serious offense than the offense of conviction, the court shall apply the guideline in such chapter most applicable to the stipulated offense." *Id.* § 1B1.2(a). The base offense level for use of a communication facility to facilitate a drug offense is twelve. *Id.* § 2D1.6. The base offense level for possession of 130.3 grams of heroin with intent to distribute is twenty-six. *Id.* § 2D1.1, at 2.38.

Pursuant to section 1B1.2, the district court determined that the applicable guideline was that established for the more serious stipulated offense of possession. Thus, the court began with a base offense level of twenty-six, reduced that level by two for acceptance of responsibility pursuant to section 3E1.1, and determined that the applicable offense level was twenty-four. Strong had no prior convictions, so her criminal history category is I. *See id.* § 4A1.1; *id.* at 5.2. Thus, the district court determined that the suggested sentence range was fifty-one to sixty-three months. *See id.* at 5.2. The statutory maximum for the communication facility

offense is four years' imprisonment. 21 U.S.C. § 843(c). The guidelines instruct that when their application results in a suggested sentence that exceeds the statutory maximum, the guideline sentence shall be the statutory maximum. *Id.* § 5G1.1; *see also* § 1B1.2 comment 1. Accordingly, the district court imposed a prison term of forty-eight months.

This Court recently made clear that this was the correct way to apply the relevant rules. *See United States v. Garza,* 884 F.2d 181 (5th Cir.1989). The defendant in that case pleaded guilty to two counts of use of a communications facility to facilitate a drug offense, but stipulated to facts establishing his participation in a conspiracy to possess at least five hundred pounds of marihuana. The *Garza* court held that determining the offense level based on the stipulated conspiracy offense was proper pursuant to section 1B1.2, so long as the sentence imposed did not exceed the statutory maximum for the offense of conviction. Thus, *Garza* would seem to foreclose Strong's appeal on the first issue. Strong contends, however, that *Garza* does not control her case because her specific arguments were not raised and addressed in that decision.

First, she argues that the drafters of section 1B1.2 did not intend for that section to apply to offenses that necessarily include the stipulated underlying felony. She reasons that the drafters necessarily took the existence of an underlying felony into account when they selected the base offense level of twelve for the communications offense, since that offense must always include such an underlying felony. Thus, she contends that application of the rule in section 1B1.2 should be limited to the type of case discussed in the comment to that section, in which a defendant pleads guilty to a lesser included offense (*e.g.,* theft) but stipulates to facts that establish a more serious offense (*e.g.,* robbery) that would not be a necessary component of the offense of conviction. *See* Sentencing Guidelines § 1B1.2 comment 1.

Even assuming that *Garza* does not foreclose the matter, we are not persuaded by Strong's argument. The drafters' commentary to section 1B1.2 makes clear that the purpose of the proviso is to ensure that the applicable offense level reflects "the seriousness of the defendant's actual conduct." *Id.* § 1B1.2 comment 1; *see also Garza,* 884 F.2d at 183. Absent the proviso, a sentencing court would be forced to begin with an artificially lenient offense level and then depart from the guideline sentence to the extent appropriate to account for the defendant's more serious underlying conduct. The proviso is simply a more efficient means of achieving the same result. Sentencing Guidelines, § 1B1.2 comment 1. Since the proviso applies only when defendants plead guilty (or *nolo contendere*) to one offense but stipulate to facts establishing a more serious offense, the rule also serves an important function in limiting the ability of prosecutors to undermine the effect of the sentencing guidelines in the course of plea negotiation. There is nothing in section 1B1.2 or elsewhere in the guidelines to indicate that these principles cease to apply when the conviction offense necessarily includes an underlying felony.

Admittedly, when the drafters assigned a base offense level of twelve for the communication facility offense, they presumably were aware that that offense might include an underlying felony with a higher base offense level. They presumably were also aware that the underlying felony might carry a lower base offense level than the communications facility offense.[1] That the drafters were aware of these possibilities and did not qualify the absolute language of the section 1B1.2 proviso further supports our conclusion that they intended for the proviso to apply, even when the more serious stipulated offense is a component of the offense of conviction.

Strong's second argument as to the drafters' intent is based on the premise

---

**1.** For example, if the underlying felony were distribution of ten kilograms of a Schedule IV drug, it would carry a base offense level of only ten under the guidelines. Sentencing Guidelines, § 2D1.1, at 2.39.

that the section 1B1.2 proviso arbitrarily discriminates against defendants who plead guilty, because the proviso does not apply to those who plead innocent but are convicted. She contends that the drafters cannot have intended this result.

Once again, assuming for the sake of argument that *Garza* does not foreclose this inquiry entirely, Strong's argument lacks merit. The .drafters clearly *did* intend to draw a distinction between the class of defendants who plead guilty or no contest and file a stipulation of facts establishing commission of a more serious offense, and the class of defendants who do not. That distinction is unambiguously drawn in the language of the rule. Strong proposes no plausible alternative construction that might have been intended.

In any case, this distinction is not arbitrary or irrational. It will generally be in the context of plea agreements that the offense of conviction is markedly less serious than the conduct evidenced by the actual facts of the case. Thus, in that context, the section 1B1.2 proviso facilitates sentencing based on actual conduct without necessitating a departure from a deceptively lenient base offense level in each case. *See* Sentencing Guidelines, § 1B1.2 comment 1.

In any event, the same sentencing result is appropriate whenever the actual conduct of the defendant is more serious than that reflected by the guideline result. If there is no guilty plea and stipulation of facts, the appropriate result still can be reached by departure from the guidelines. *Cf. United States v. Correa–Vargas,* 860 F.2d 35 (2d Cir.1988) (affirming departure based on seriousness of actual conduct where section 1B1.2 proviso did not apply; district court imposed sentence of forty-eight months for communications facility offense). Thus, we conclude that the guideline drafters did intend for the rules to be applied in the manner affirmed by this Court in *Garza.*

■ Strong alternatively contends that the section 1B1.2 proviso has the effect of sentencing her for a crime of which she has not been convicted. She claims that the Due Process clause of the Fifth Amendment forbids that result.

Strong cites no authority for this assertion, and we reject it. The section 1B1.2 proviso was public record when Strong entered into her plea agreement, and she therefore had notice that her guilty plea and stipulation subjected her to sentencing under that rule. It is true that the Due Process clause gives defendants a right not to be sentenced on the basis of "invalid premises." *E.g., United States v. Tooker,* 747 F.2d 975, 978 (5th Cir.1984), *cert. denied,* 471 U.S. 1021, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985); *United States v. Espinoza,* 481 F.2d 553, 555 (5th Cir.1973). But that is clearly not the case here, since the reliance is on stipulated facts sworn to by the defendant in open court. Once Strong stipulated to facts establishing the seriousness of her actual criminal conduct, nothing in the Due Process clause prevented the district court from considering those facts in fashioning her sentence within the statutory limits for the offense of conviction. Within those limits, there is no *per se* rule against consideration of criminal activity not charged in the indictment. *See, e.g., United States v. Taplette,* 872 F.2d 101, 106 (5th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 128, 107 L.Ed.2d 88 (1989); *United States v. Thomas,* 870 F.2d 174, 176 (5th Cir.1989); *United States v. Sarasti,* 869 F.2d 805, 806–07 (5th Cir.1989). Thus, we conclude that the sentence imposed by the district court did not deny Strong her constitutional right to due process of law.

## Conclusion

For these reasons, we affirm the sentence imposed by the district court.

AFFIRMED.