UNITED STATES of America, Plaintiff–Appellant,

v.

Gregory Allen MARTIN, Defendant–Appellee.

No. 89–1011.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1990.

Randell P. Means, Asst. U.S. Atty., Ft. Worth, Tex., for plaintiff-appellant.

Ernest W. Rothfelder, Ft. Worth, Tex., for defendant-appellee.

Before GOLDBERG, POLITZ, and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Gregory Allen Martin was sentenced to five years probation on a plea of guilty to use of a communication facility in furtherance of a narcotics offense, 21 U.S.C. § 843(b). The government appeals, contending that Martin should have been sentenced to the statutory maximum of imprisonment for four years because he stipulated to conduct constituting a more serious offense. Finding that the district court incorrectly applied the sentencing guidelines we vacate the sentence and remand for resentencing.

## Background

Martin's guilty plea was entered pursuant to a plea agreement. According to a factual stipulation accompanying that agreement Martin's friend, David Lee Bolin, had arranged for the purchase of five pounds of methamphetamine but was reluctant to take delivery personally because he suspected that he was under police surveillance. Bolin asked Martin to act in his stead. Martin agreed, arranged to meet the seller at a motel, and there obtained the drugs. Unfortunately for Martin the seller was a Drug Enforcement Administration informant and Martin was arrested as he departed the motel with the contraband.

Martin was indicted for possession of five pounds of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1). The government agreed to dismiss the indictment in exchange for Martin's cooperation in the prosecution of Bolin and for his plea of guilty to a less serious offense—use of a communication facility in facilitating a drug trafficking offense, 21 U.S.C. § 843(b), commonly called the "telephone count." The district court accepted the guilty plea, sentenced Martin to prison for four years, and, over the objection of the government, suspended that sentence and imposed probation for five years. The government timely appealed.

## Analysis

The sole question presented on appeal is whether the sentence, as imposed, comports with the requirements of the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.* and 28 U.S.C. §§ 991–998, and the Sentencing Guidelines adopted pursuant thereto. In the appellate review of sentences we examine factual findings subject to the clearly erroneous rule, and accord great deference to the trial judge's application of the sentencing guidelines. 18 U.S.C. § 3742(e); *United States v. Mejia-Orosco,* 867 F.2d 216 (5th Cir.), *clarified,* 868 F.2d 807, *cert. denied,* —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). Applying this standard we find error herein.

The government maintains that Martin should have been sentenced to imprison-

ment for four years. It grounds its submission on this analysis. The stipulated facts establish that Martin was guilty of possession of methamphetamine with intent to distribute, a more serious offense than the telephone count to which he pled guilty, and under Guideline § 1B1.2(a), the sentence range for the more serious offense, limited by the statutory maximum for the charged offense, should have directed the sentence. The guideline sentencing range for the more serious offense exceeded the maximum sentence provided for the telephone count; therefore, under the government's theory the guideline sentence necessarily is the four-year statutory maximum.

We generally agree with the government's analysis but find its approach wanting in significant respects. Sentencing Guideline § 1B1.2(a) provides in pertinent part:

> The court shall apply the guideline in Chapter Two (Offense Conduct) most applicable to the offense of conviction. *Provided,* however, in the case of conviction by a plea of guilty or *nolo contendere* containing a stipulation that specifically establishes a more serious offense than the offense of conviction, the court shall apply the guideline in such chapter most applicable to the stipulated offense.

In our recent decision in *United States v. Garza,* 884 F.2d 181 (5th Cir.1989), rendered after the imposition of sentence herein, we applied Guideline § 1B1.2(a) where the stipulated facts reflected a more serious offense, holding that "[t]he correct procedure under section 1B1.2(a) is to follow the sentencing guidelines for the more serious stipulated offense." 884 F.2d at 184. We also recognized in *Garza* that if the guideline sentence for the stipulated offense exceeds the statutory maximum for the offense of conviction, the statutory maximum sentence becomes the guideline sentence. 884 F.2d at 183; Guideline §§ 5G1.1(a), 1B1.2(a), Application Note 1. As noted, at sentencing the district judge did not have the benefit of our decision in *Garza.*

Like Martin, the defendant in *Garza* pled guilty to use of a telephone in connection with a narcotics offense, but we held that because the stipulated facts established possession with intent to distribute the guideline for that more serious offense should have been applied. Accordingly, if the court *a quo* had found that the stipulated facts specifically established Martin's guilt of possession with intent to distribute, as the government urges, the course mandated by *Garza* would be the application of the guideline for that offense, subject to the statutory maximum for the offense of conviction.

■ The district court made no such finding in the case at bar. The finding it did make of a factual basis for acceptance of Martin's guilty plea to the telephone count does not suffice for that purpose. The district court was concerned about applying the guidelines for an offense for which the defendant had not been convicted and, indeed, for which he was no longer charged. We share that concern. The unacceptable risk attendant in this procedure is that the defendant did not commit the more serious offense. To eliminate or at least markedly minimize that risk it is essential that the district court, and this court, proceed with due deliberation. For this reason, we now hold that the determination that the stipulation contained in or accompanying the guilty plea "specifically establishes a more serious offense" than the offense of conviction must be expressly made on the record by the court prior to sentencing.

We further hold that in deciding whether a stipulation specifically establishes a more serious offense than the offense of conviction the trial court must follow the directive contained in Fed.R.Crim.P. 11(f) and satisfy itself that a "factual basis for each essential element of the crime [has been] shown." *United States v. Montoya–Camacho,* 644 F.2d 480, 485 (5th Cir.1981). The court must examine "the relation between the law and the acts the defendant admits" to ascertain whether the stipulated conduct constitutes a criminal offense. *McCarthy v. United States,* 394 U.S. 459,

467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). Recognizing the additional risk inherent in an inquiry into the factual and legal basis for an offense to which the defendant has not pleaded guilty, we remind of our observation in *United States v. Dayton*, 604 F.2d 931, 938 (5th Cir.1979) (en banc), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980) that: "the more complex or doubtful the situation . . ., the more searching will be the inquiry dictated by sound judgment and discretion."

■ The district court's disposition towards leniency brings into focus a second inquiry which we have not previously addressed: may the court depart from the guidelines and sentence below the statutory maximum for the offense of conviction when the guideline calculations for the stipulated offense yield a sentencing range above the statutory maximum. We hold that the court may do so, provided that appropriate and adequate reasons for the departure are assigned. 18 U.S.C. §§ 3553(c), 3742(e), (f). We find nothing in either the relevant statutory or guideline provisions, 18 U.S.C. § 3553(b), 28 U.S.C. 994(a)(2)(E); Guideline Parts 5 K, 6 B; which would make departure inapplicable to the sentencing procedure for guilty plea convictions. To the contrary, the Introductory Commentary to Guideline Part 6 B reaffirms that sentencing in guilty plea settings is a judicial function and recognizes the court's discretion to depart from the indicated sentence. *See also, United States v. Fernandez*, 877 F.2d 1138 (2d Cir.1989) (discussing importance of downward departures in mitigating possible disincentives to plea bargaining posed by Guidelines).

In sum, on remand the district court must first make an explicit finding as to whether the stipulated facts specifically establish that Martin committed a more serious offense than the telephone count. In doing so the court is to apply the standard implicit in Fed.R.Crim.P. 11(f). If the court concludes that a more serious offense is not thus established, it shall apply the guidelines for the offense of conviction. If the court concludes that a more serious offense properly has been established, it shall apply the guidelines for the more serious offense, limited to the maximum statutory sentence for the telephone count. In either instance the court may, in its discretion, depart from the guideline sentence, with an upwards departure in the latter instance being subject to the constraints of the statutory maximum. In doing so, the court must place on the record a reasonable explanation for its departure.

The sentence is VACATED and the matter is REMANDED for resentencing.

EDITH H. JONES, Circuit Judge, concurring:

I write separately to emphasize that our decision, that "Rule 11– like criteria" be used to establish a more serious unindicted offense for purposes of Guidelines Sentences involving section 1B1.2(a), should not be viewed as a new imposition upon the district court's already complex sentencing responsibility. Our theme is rather that a defendant should not risk receiving a sentence for a crime he did not commit. The Guidelines explicitly balance that goal against the equally important goal of sentencing according to the "real offense." Section 1B1.2(a) applies only when a plea of guilty of nolo contendere contains "a *stipulation that specifically establishes a more serious offense* . . ." than that of conviction. Thus, as we held recently, to sentence based on the unindicted offense under section 1B1.2(a), the court will rely on "stipulated facts sworn to by the defendant in open court" in connection with the guilty plea. *United States v. Strong*, 891 F.2d 82 (5th Cir.1989). The sentence yielded by this method may not exceed the statutory maximum for the offense of conviction. Guidelines sections 5G1.1 *et seq.; Strong*, 891 F.2d 82; *United States v. Garza*, 884 F.2d 181, 183 (5th Cir.1989). "Within those limits, there is no *per se* rule against consideration of criminal activity not charged in the indictment." *Strong*, 891 F.2d 82, citing *United States v. Taplette*, 872 F.2d 101, 106 (5th Cir.), *cert. denied*, — U.S.

——, 110 S.Ct. 128, 107 L.Ed.2d 88 (1989); [1] *United States v. Thomas*, 870 F.2d 174, 176 (5th Cir.1989); *United States v. Sarasti*, 869 F.2d 805, 806–07 (5th Cir.1989).

---

**1.** *Strong* squarely rejected a due process challenge that section 1B1.2 effectively sentences a defendant for a crime of which he has not been convicted.