UNITED STATES of America, Appellee,

v.

Giuseppe PELLERITO,
Defendant, Appellant.

No. 90–1263.

United States Court of Appeals,
First Circuit.

Heard Sept. 12, 1990.

Decided Nov. 14, 1990.

Lydia Lizarribar–Masini, for defendant, appellant.

Margaret A. Grove, Associate Chief of Policy and Litigation, Dept. of Justice, with whom Daniel F. López–Romo, U.S. Atty., and Theodore R. Carron, Trial Atty., Dept. of Justice, were on brief for appellee.

Before TORRUELLA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.

TORRUELLA, Circuit Judge.

This is a direct appeal for alleged due process violations during the sentencing procedures. Appellant Giuseppe Pellerito requests that the case be remanded for resentencing pursuant to Federal Rule of Criminal Procedure 32(c)(3)(D). For the reasons stated below, we affirm the sentence imposed by the United States District Court for the District of Puerto Rico.

## FACTS

Appellant, along with over thirty individuals, was charged in a multi-count indictment as a member of a major drug ring. *See United States v. Pellerito*, 878 F.2d 1535 (1st Cir.1989). On June 7, 1988, appellant, under oath, admitted to the government's allegations and entered a plea of guilty on one count alleging a violation of 21 U.S.C. §§ 841(a)(1) and 846, for conspiracy to possess with intent to distribute more than one kilogram of heroin and cocaine. Prior to sentencing, appellant, along with other defendants charged in the con-

spiracy, filed motions seeking to withdraw their pleas. The district court concluded that Pellerito's guilty plea was fully informed and competently made, that his claims of ineffective assistance were meritless and consequently that he had failed to provide a fair and just reason for the retraction of the plea. An appeal ensued. On appeal, this court found that there was ample support for the district court's findings, affirmed its conclusions and held that it might proceed with the sentencing. *Id.*

Thereafter, a sentencing hearing was held. During the hearing, counsel for appellant indicated that he had discussed the presentence report with his client. Counsel then raised and addressed objections to the presentence report. Amendments were made to the report with respect to all but one of the contested items. To this effect, counsel claimed that attachment of the entire indictment to the presentence report might be prejudicial. The court, however, refused to excise the indictment, stating that it was the practice of the court to attach it in all cases and that, in any event, the information contained in the indictment was available to the appropriate officials as a public record. Appellant's counsel then indicated that all of his objections had been covered.

Just prior to being sentenced, appellant addressed the court and disputed the fact that he had sold drugs with co-defendant, Héctor Rivera–Martínez ("El Men"—the ring leader), directly contradicting his sworn statement at the time of his guilty plea. The court responded that it had heard tapes which were potential evidence and had found them very revealing.[1] The court further stated that it was a fact that the appellant was in business with co-de-

fendant Martínez. The court then proceeded to sentence Pellerito to a prison term of eighteen years, imposed a $250,000 fine and a special monetary assessment of $50 pursuant to 18 U.S.C. § 3013.

## DISCUSSION

On appeal Pellerito alleges that the sentencing court did not allow him to examine the evidence it was going to use to punish him. Essentially, he avers that the sentencing court, in violation of Rule 32(c)(3)(D),[2] failed to make findings regarding the allegedly disputed facts. Fed.R. Crim.P. 32(c)(3)(D). Appellant professes that during the sentencing procedure he disputed several facts. Pellerito first contends that the court improperly used as evidence, tapes concerning certain 1987 conversations he held with co-defendant Martínez which were unrelated to the pre–1986 count for which he pleaded guilty, and thus that he raised a controversy as to whether he had ever dealt in drugs. Second, he alleges that he properly raised the issue that the sentencing court erred in attaching the entire indictment to the presentence report. Third, he contends that the court erred in not determining the amount of heroin involved in the conspiracy. Finally, he argues that the district court improperly denied his request for amendment and correction of the presentence report pursuant to his Rule 35 motion. Fed.R.Crim.P. 35(b). Hence, appellant contends that it would be difficult, if not impossible, for him to defend himself before any subsequent parole board hearing or against any ensuing Bureau of Prisons' charge and that he was prevented from exercising his full rights to challenge

1. The judge had remarked at the change of plea hearing that the tapes were strong evidence, and his comments clearly indicate that he did not find defendant's denials at that time to be credible.

2. Federal Rule of Criminal Procedure 32(c)(3)(D) provides:
 If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or

the summary of the report or part thereof, the court shall as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

the information pursuant to Rule 32(c)(3)(D).

It is well settled that during the sentencing proceedings, a district court has broad discretion in determining the information that may be received and considered regarding a defendant. 18 U.S.C. § 3577; *United States v. Grayson*, 438 U.S. 41, 50, 98 S.Ct. 2610, 2615, 57 L.Ed.2d 582 (1978); *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Tracey*, 675 F.2d 433 (1st Cir.1972). Further, the sentencing judge has a right to use the evidence presented at trial in determining the sentence to be imposed. *United States v. Hanono–Surujun*, 914 F.2d 15, 19 (1st Cir. 1990) (this evidence may be considered even when the trial was aborted or defendant has pleaded guilty); *see also United States v. Fuentes Moreno*, 895 F.2d 24, 26 (1st Cir.1990). It is undisputed, however, that defendants, including those who plead guilty, have a due process right to be sentenced upon information which is not false or materially incorrect. *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *United States v. Tucker*, 404 U.S. at 446, 92 S.Ct. at 591; *see also United States v. Anders*, 899 F.2d 570, 575 (6th Cir.1990); *United States v. Rone*, 743 F.2d 1169 (7th Cir.1984). Rule 32 embodies the congressional intent to assure a defendant's due process rights in the sentencing process. It further assures that the defendant will not be prejudiced in the future by any factual errors in the presentence report. *United States v. Santamaria*, 788 F.2d 824, 829 (1st Cir.1986); *United States v. Jiménez–Rivera*, 842 F.2d 545, 550 (1st Cir.1988).

> Rule 32(c)(3)(D) serves the dual purpose of 1) protecting a defendant's due process rights to be sentenced on the basis of accurate information, and 2) providing a clear record of the disposition of controverted facts in the presentence report, which in turn, reduces the likelihood that subsequent appellate or administrative decisions will be made based on improper or incomplete information.

*United States v. Hanono–Surujun*, 914 F.2d at 19 (quoting *United States v. Bruckman*, 874 F.2d 57, 63–64 (1st Cir. 1989)); *see also United States v. Tucker*, 404 U.S. at 446, 92 S.Ct. at 591; *United States v. Romano*, 825 F.2d 725, 728 (2d Cir.1987) (citing H.R.Code Cong. & Admin. News 674, 690 (1948)). Before pursuing a due process analysis, however, we must first determine whether Rule 32 does in fact apply to the instant situation.

In order to vacate a sentence and remand for resentencing under Rule 32(c)(3)(D), this court must find that "(1) the allegations of inaccuracy were before the sentencing court and (2) the court failed to make findings regarding the controverted matter or a determination that the disputed information would be used in sentencing." *United States v. Eschweiler*, 782 F.2d 1385, 1389 (7th Cir.1986). We will apply this standard to each issue raised by appellant.

### I. *Appellant's guilt as a disputed fact*

Appellant was indicted on one count for conspiracy to possess with intent to distribute more than one kilogram of heroin and cocaine. Appellant entered a plea of guilty to the one count with which he was charged. On review of appellant's petition to retract his guilty plea in *United States v. Pellerito*, 878 F.2d 1535, we found that the district court properly denied retraction of the plea because "there was ample support" in the record for finding that Pellerito was well aware that he was pleading guilty to participation in a multi-state drug conspiracy. *See id.* at 1539.

It appears that appellant is not content with the result. In a second attempt, in direct contradiction to his sworn statement, appellant now alleges that the presentence report contains inaccurate evidence regarding his relationship with co-defendant Martínez and that the sentencing judge improperly relied on the tapes. We disagree with appellant's contention. The trial transcripts clearly demonstrate that the allegedly disputed fact does not fall within the

realm of Rule 32.[3] The allegedly disputed fact in question refers to Pellerito's guilt, hence with his plea. That was precisely the issue we analyzed and rejected in *United States v. Pellerito*, 878 F.2d 1535. We will not rehash the issue here.

## II. *The indictment*

 Appellant also claims on appeal, that attaching the entire indictment to the presentence report was a factual inaccuracy. We disagree. First, attaching the indictment does not constitute a factual inaccuracy. It therefore does not meet the first requirement of Rule 32, making due process inquiry unnecessary. Second, even if we considered that the inclusion of the indictment was error, this error is harmless since clearly Pellerito was not charged or named in any of the counts other than the one to which he pleaded guilty. Because, on direct appeal, a defendant may only complain of constitutional violations and errors that amount to more than harmless errors, we need not consider the issue further. *See Johnson v. United States*, 805 F.2d 1284, 1287 (7th Cir.1986) (an irregularity that is not itself a constitutional violation and that is unlikely to change the result reached by the court shall not be considered by this court on direct appeal).

## III. *The amount of heroin*

In reference to the amount of heroin involved in the conspiracy, we find that

---

**3.** The following exchange proceeded after the judge's statement that the government tapes were incriminating enough.

THE DEFENDANT: Yes, what kind of evidence? That is what I am, I have been fighting my lawyer, I want to know what kind of evidence I have, because I don't think I have any evidence with me. Only thing I have is conversation. Because I tell you right now I didn't hire nobody. I lend the money to Mr. Martinez, I lend the money to him, cash. I don't deal this drugs. This is my problem I come the time to talk to—because of cash money I never talk about drug, I never touch a drug.

I like to see my evidence to be punished.

MR. RUBINO: (Defendant's counsel) I think the problem very candidly your Honor, is that

appellant failed to raise this issue before the sentencing court. Thus we reject his claim that he is entitled to be resentenced pursuant to Rule 32. Because appellant failed to comply with the first requirement of this rule, our analysis need go no further. *See United States v. Briscoe*, 896 F.2d 1476, 1519 (7th Cir.1990).

## IV. *Rule 35 motion*

Finally, we direct our attention to appellant's contention, encompassed in his Rule 35 motion, that the district court erred in denying his request for amendment and correction of the presentence investigation report. As applicable to this pre-Guidelines case, however, Rule 35(b) provides, *inter alia*, that a motion to reduce a sentence should be made within 120 days after receipt by the court of a mandate issued upon affirmance of a judgment or dismissal of an appeal. Fed.R.Crim.P. 35(b). In the instant case, the mandate issued from this court was docketed on September 21, 1989. Appellant's Rule 35 motion was not filed until January 22, 1990, more than 120 days later. Thus, as conceded during oral argument, this court lacks jurisdiction to entertain this argument.

## CONCLUSION

For the reasons stated above, and essentially because appellant did not establish

---

he feels, and I can well sympathize with him, he has been denied that fundamental right to face his accusers; to sit here in court and to see one take that witness stand and accuse him, as we all agree, is a fundamental right. THE COURT: It is a fundamental right which you can waive, and he did waive it and I gave him all the breaks that a judge can give ... had I had any doubt I would not have accepted the plea ...
MR. RUBINO: I don't mean to relitigate that issue again ... It is just a matter of it still boils down to the simple question of who would be harmed by giving him that trial.

any violation of Rule 32(c)(3)(D), the district court's sentence is hereby

*Affirmed.*