UNITED STATES of America, Plaintiff–Appellee,

v.

Hector GARCIA, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Jose ACOSTA, Defendant–Appellant.

Nos. 90–8486, 90–8487
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 7, 1991.

Ricardo Alvarado, Midland, Tex., for defendants-appellants.

LeRoy Morgan Jahn, Asst. U.S. Atty. and Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, DAVIS and BARKSDALE, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Jose Acosta and Hector Garcia appeal their sentences for use of a communication facility in committing a felony. We vacate the sentences and remand.

### I.

In May 1990, a federal grand jury returned a two-count indictment charging Appellants and four codefendants with possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and with conspiracy to do the same in violation of 21 U.S.C. § 846. Appellants each subsequently waived indictment and pled guilty to a superseding information charging them with the use of a communication facility—a telephone—in committing a felony, 21 U.S.C. § 843(6), the felony being possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1).

Before sentencing, the United States Probation Office prepared a presentence investigation report (PSIR) recommending that the court impose on Appellants the statutory maximum sentence of 48 months in prison. The PSIR based its recommendation on U.S.S.G. § 2D1.1(a)(3), the guideline provision governing drug trafficking offenses (including possession to commit those offenses), which yielded a base offense level of 26 on 155 kilograms of marijuana. The PSIR recommended a two-level reduction in the base offense level for Garcia, who showed remorse and acceptance of responsibility. The guideline sentencing ranges corresponding to Appellants' respective offense levels and criminal history categories were calculated at 51 to 63 months for Garcia and 78 to 97 months for Acosta. See Sentencing Table, U.S.S.G. Ch. 5, Pt. A. Because the recommended sentencing ranges for both Appellants exceeded the four-year statutory maximum for violations of 21 U.S.C. § 843(b), the PSIR recommended that the court impose the maximum sentence on each appellant based on U.S.S.G. § 5G1.1(a).

Appellants objected to the PSIR, arguing that their offense levels should have been determined by reference to U.S.S.G. § 2D1.6, the guideline provision governing the offense of using a communication facility in committing a drug trafficking offense (the offense to which Appellants pled guilty). The base offense level under that provision was 12 at the time Appellants committed the offense and were sentenced. The corresponding sentencing range would be 6 to 12 months for Garcia and 21 to 27 months for Acosta. See Sentencing Table, U.S.S.G. Ch. 5, Pt. A. The district court overruled Appellants' objections and imposed on each appellant the recommended sentence of 48 months in prison. Appellants each filed a timely notice of appeal.

### II.

Appellants argue on appeal, as they argued below, that the court was required to

base its determination of the appropriate sentencing range by reference to U.S.S.G. § 2D1.6, the guideline provision addressing the offense of conviction. The guidelines direct the sentencing court to:

> Determine the offense guideline section in Chapter Two (Offense Conduct) most applicable to the offense of conviction.... *Provided,* however, in the case of conviction by a plea of guilty or *nolo contendere* containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense.

U.S.S.G. § 1B1.2(a).

The government argues that Appellants stipulated to the greater offense of possession with intent to distribute 155 kilograms of marijuana when they concurred in the factual basis for their pleas as set forth by the government at the plea hearing.[1] That factual basis reads as follows:

> That on or about March the 13th, 1990, Federal Agents, Odessa Police Department, Customs Agents and Texas DPS seized a 1974 tanker truck in Odessa, Texas. The same tanker truck, Your Honor, contained a false compartment that was filled with 342 pounds of marijuana. At the time of the arrest six individuals, among them being these two defendants, were arrested at the scene of the truck. The truck had been followed from Abilene to Odessa, Texas—pardon me, south of Alpine to Odessa, Texas, where it was seized. At the time the police made the arrest Defendants Acosta and Garcia were at the scene and hid behind a truck. They were arrested shortly thereafter. Defendants Jose Acosta and Hector Garcia knowingly and intentionally used the telephone facilitating the commission of the acts that I have just described, which is the posses-

sion of greater than one hundred kilograms of marijuana.

Appellants argue that this stipulation does not specifically establish a more serious offense than the offense of conviction. We agree.

> [I]n deciding whether a stipulation specifically establishes a more serious offense than the offense of conviction the trial court must follow the directive contained in Fed.R.Crim.P. 11(f) and satisfy itself that a "factual basis for each essential element of the crime [has been] shown." *United States v. Montoya–Camacho,* 644 F.2d 480, 485 (5th Cir.1981). The court must examine "the relation between the law and the acts the defendant admits" to ascertain whether the stipulated conduct constitutes a criminal offense. *McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969).

*United States v. Martin,* 893 F.2d 73, 75–76 (5th Cir.1990).

■ The precise nature of Appellants' involvement in the criminal activity can hardly be discerned from the stipulated facts. Moreover, the stipulation is misleading because it erroneously suggests that Appellants were in the loaded truck when it was pulled over by law enforcement agents. Actually the loaded truck had been parked and was under surveillance when the arrest and seizure occurred, and Appellants were not among the codefendants caught unloading the truck. At best, the stipulation shows that the defendants were present during the commission of a drug trafficking offense. Mere presence, however, is not enough to establish possession with intent to distribute. *See United States v. Onick,* 889 F.2d 1425, 1429–30 (5th Cir.1989).

■ Lacking sufficient support from the stipulated facts, the sentencing court relied on facts in the PSIR. The government

---

1. The parties assume that a defendant's agreement with the factual basis set forth by the government at a plea hearing can form the basis for a stipulation within the meaning of U.S.S.G. § 1B1.2(a). That question is pending before the United States Supreme Court. *See United States*

*v. Braxton,* 903 F.2d 292 (4th Cir.), *cert. granted,* — U.S. ——, 111 S.Ct. 426, 112 L.Ed.2d 410 (1990). Because of the recommended disposition of this case, however, the resolution of that issue would not affect this case.

argues that the sentencing court was entitled to rely on facts in the PSIR to establish the elements of the greater offense because Appellants failed to object to those facts. This argument is without merit. Under *Martin*, the factual basis for each element of the greater offense must appear in the *stipulated* facts as made *on the record*. *Martin*, 893 F.2d at 75–76. Appellants' failure to object to the facts set forth in the PSIR does not constitute a "stipulation" of those facts, much less a stipulation "on the record."

For the foregoing reasons, we vacate Garcia's and Acosta's sentences and remand for resentencing.

VACATE and REMAND.