**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Galo Eduardo SARASTI,
Defendant–Appellant.**

**No. 88–2734
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 24, 1989.

Michael G. Martinez, Houston, Tex. (court appointed), for defendant-appellant.

Paula C. Offenhauser, Frances H. Stacy, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS and
HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM,
Circuit Judge:

Galo Eduardo Sarasti pled guilty to attempting to possess, with the intent to distribute, more than 500 grams of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). On appeal, he challenges only his sentence. Sarasti contends that the sentencing guidelines are unconstitutional; that the district court incorrectly applied the guidelines in determining the amount of cocaine involved in the crime; and that the district court should have further reduced Sarasti's offense level because he was a minimal, rather than only minor, participant. Finding no error in the sentence imposed, we affirm.

I

Sarasti challenges the constitutionality of the sentencing guidelines. His argument is foreclosed by the Supreme Court's recent decision in *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

II

Although Sarasti pled guilty to a count referring to "more than 500 grams of cocaine," the district court found as a fact that Sarasti's crime involved more than 5 kilograms of cocaine. The difference is significant, since under Guideline 2D1.1, a crime involving 0.5 kilograms (500 grams) of cocaine has a Base Offense Level of 28 while a crime involving more than 5 kilograms has a Base Offense Level of 32. Taking into account the district judge's downward adjustments for acceptance of responsibility and Sarasti's status as a minor participant, the resulting offense levels are 24 and 28, respectively. These offense levels translate into sentencing ranges of 51 to 63 months and 78 to 97 months, respectively, because Sarasti's Criminal History Category is I. The district judge

found that Sarasti's offense level was 28, and gave him a 78 month sentence. Sarasti contends that his offense level should have been 24, and that he should have received a sentence of between 51 and 63 months.

■ The standards governing an appeal from a guideline sentence are set out in *United States v. Buenrostro,* 868 F.2d 135, 136–137 (5th Cir.1989) and *United States v. Mejia–Orosco,* 867 F.2d 216, 221 (5th Cir. 1989). We will uphold the district court's sentence so long as it results from a correct application of the guidelines to factual findings which are not clearly erroneous.

Sarasti makes two distinct arguments in support of his position. First, he contends that the district judge impermissibly looked beyond the indictment in determining the quantity of cocaine involved in Sarasti's crime. Second, Sarasti contends that the district court's determination of the amount of cocaine is unsupported by the record. We reject both arguments.

■ The guidelines make plain that the district court is not bound by the quantity of drugs mentioned by the indictment. Application Note 11 to § 2D1.1 states,

Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level. *See* § 1B1.3(a)(2) (Relevant Conduct). If the amount seized does not reflect the scale of the offense, *see* Application Note 2 of the Commentary to § 2D1.4. If the offense involved negotiation to traffic in a controlled substance, *see* Application Note 1 of the Commentary to § 2D1.4.

Application Note 1 to § 2D1.4 ("attempts and conspiracies") provides that "[i]f the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount." Application Note 2 to the same guideline states that where "the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance."

In Sarasti's case, the sentencing judge considered evidence that Sarasti's cocaine transaction was part of a scheme that had envisioned that Sarasti would transport more than 5 kilograms of cocaine during the delivery for which he was eventually convicted. Some of the cocaine apparently never reached Sarasti. In light of the rationale behind Application Note 11, the district court clearly acted properly in considering this information, rather than restricting its inquiry to the amounts actually mentioned in the indictment.

■ Sarasti also contends that the district judge lacked an adequate evidentiary basis for determining the amount of cocaine actually involved in the offense. At the sentencing hearing, however, Sarasti's attorney admitted that determination of the amount of cocaine turned entirely upon an assessment of the relative credibility of Sarasti on the one hand and of a government informant on the other. The district judge specifically found that Sarasti was not credible. Credibility determinations are peculiarly within the province of the trier-of-fact, and we will not disturb the sentencing judge's findings.

Because the district judge correctly applied Guideline 2D1.1 to findings of fact which were not clearly erroneous, we affirm his determination of the Base Offense Level.

### III

■ Sarasti received a two-point reduction because the district judge found that he was a minor participant in the crime. Sarasti now contends that because he was only a courier, the district judge should have found him to be a minimal participant. This argument is foreclosed by our holding in *Buenrostro*, 868 F.2d at 138–39. In this case, the district judge found that Sarasti was a minor, rather than a minimal, participant. That finding is not clearly erroneous.

The sentence imposed by the district court is in all respects

AFFIRMED.