IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30500
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERMAN ALARCON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CR-340-ALL-D
--------------------
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

German Alarcon ("Alarcon") appeals his sentence for his guilty-plea conviction of conspiracy to possess with intent to distribute cocaine hydrochloride, 21 U.S.C. §§ 841(a)(1), 846, and two counts of distribution of cocaine hydrochloride, 21 U.S.C. §§ 841(a)(1).  He argues that the district court clearly erred in determining the amount of cocaine hydrochloride attributable to him for sentencing purposes.

Alarcon's first contention is that the district court improperly relied on the testimony of Jaime Garces.  This contention fails because it essentially attacks the district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's determination regarding Garces' credibility.  See United States v. Sarasti, 869 F.2d 805, 806 (5th Cir. 1989) (credibility determinations in a sentencing hearing "are peculiarly within the province of the trier-of-fact").

Alarcon's second contention is that the district court wrongly concluded that all of the drugs attributed to him were part of the same course of conduct or common scheme or plan. This contention also fails because the evidence shows that Alarcon's drug-related activities were continuous, possessed common participants, and were similar.  See United States v. Bethley, 973 F.2d 396, 400-01 (5th Cir. 1992).

AFFIRMED.