United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40916
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DAVID DANIEL SALAZAR,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-87-CR-28-ALL
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    David Daniel Salazar ("Salazar") appeals the sentence

imposed following his guilty-plea convictions for conspiracy to

possess with intent to distribute more than 100 pounds of

marijuana and aiding and abetting the possession with intent to

distribute over 100 pounds of marijuana.  Salazar argues that he

should not have been attributed with 610 pounds of marijuana at

sentencing because the district court clearly erred by finding

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that he was reasonably capable of purchasing or brokering the purchase of that amount of marijuana.

Given the evidence at sentencing regarding the purchase of marijuana made by Salazar's co-conspirator, the statements made by Salazar to the undercover agent of the Drug Enforcement Agency, and the cash found in the motels rooms of Salazar and his co-conspirator after they were arrested, the district court's finding that Salazar was reasonably capable of purchasing or brokering the purchase of 610 pounds of marijuana was not clearly erroneous. See United States v. Mergerson, 4 F.3d 337, 346 (5th Cir. 1993). In rejecting Salazar's statements that he was not capable of purchasing or brokering the purchase of 610 pounds of marijuana, the district court made a credibility determination that is "peculiarly within the province of the trier-of-fact" that we will not disturb on appeal. United States v. Sarasti, 869 F.2d 805, 807 (5th Cir. 1989). Accordingly, Salazar's sentence is AFFIRMED.