United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-61008
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELREKIKO KING,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:03-CR-79-2-D
---------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Elrekiko King appeals the sentence imposed following his
guilty plea to conspiracy to possess with intent to distribute
marijuana.  We affirm.

We reject King's contention that the district court plainly
erred in determining the relevant drug quantity; the district
court was not bound by the quantity of drugs mentioned in the
indictment, insofar as quantities of drugs not specified in the
count of conviction may be considered as relevant conduct for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purposes of determining the offense level.  See <u>United States v.</u>

<u>Sarasti</u>, 869 F.2d 805, 806-07 (5th Cir. 1989); U.S.S.G. § 2D1.1,

comment. (n.12) (2002).

We hold that the extent of the district court's downward

departure was not plainly erroneous.  See <u>United States v.</u>

<u>Vasquez</u>, 216 F.3d 456, 459 (5th Cir. 2000); <u>United States v.</u>

<u>Lemons</u>, 941 F.2d 309, 320 (5th Cir. 1991).  We further hold that

King's criminal history was accurately represented in the

Presentence Report; his criminal history score reflects no prior

convictions.

Insofar as King contends that the district court should have

ordered that he receive substance abuse treatment while

incarcerated, the decision whether a prisoner receives treatment

for substance abuse is left to the discretion of the Bureau of

Prisons, and, therefore, it was beyond the district court's

authority to order his participation in a drug treatment program

while incarcerated.  <u>See</u> 18 U.S.C. § 3621(b).

AFFIRMED.