United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40916
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID DANIEL SALAZAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-87-CR-28-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of David Daniel Salazar. United States v. Salazar, No. 03-40916 (5th Cir. Apr. 9, 2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Salazar v. United States, 125 S. Ct. 1038 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Salazar argues that the district court erred by enhancing his sentence based upon judge-found facts that were not admitted by him or proven to a jury beyond a reasonable doubt. He asserts that this issue should be reviewed under the harmless error standard because he raised the substance of this issue both in the district court and this court.

While Salazar challenged the factual findings underpinning the drug quantity determination both in the district court and this court, he did not raise a Sixth Amendment challenge or make an objection based upon Booker, Blakely v. Washington, 542 U.S. 296 (2004), or Apprendi v. New Jersey, 530 U.S. 466 (2000). His objections were not sufficient to preserve this issue for review. See United States v. Mares, 402 F.3d 511, 516-17 & n.2, 520 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 43 (2005). The earliest that Salazar could have raised this issue was in his petition for certiorari to the Supreme Court. We will not consider a Booker-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

Salazar identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." Id. at 677; see also Mares, 402 F.3d at 521-22. Accordingly, Salazar has not shown that his sentence was plainly erroneous. See Taylor, 409 F.3d at 677. Because Salazar has not demonstrated plain error, "it is obvious that the

much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." Id.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Salazar's convictions and sentences.

AFFIRMED.