United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10460
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE GONZALEZ, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CR-12-1
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Guadalupe Gonzalez, Jr., pleaded guilty to conspiring to

distribute and possess with intent to distribute 500 grams or

more of cocaine and to carrying and possessing a firearm in

relation to a drug trafficking crime.  He was sentenced to a 135-

month term of imprisonment on the conspiracy count and to a

consecutive five-year term for his violation of 18 U.S.C.

§ 924(c).

For the first time on appeal, Gonzalez argues that his

convictions should be overturned because the magistrate judge

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred under FED. R. CRIM. P. 11 by incorrectly admonishing him regarding the penalties associated with the counts set forth in the indictment. Because Gonzalez failed to raise a Rule 11 objection in the district court, our review is for plain error. United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002).

To establish plain error, Gonzalez "has the burden to show (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights." Id. If these factors are established, the decision to correct the forfeited error still lies within the court's sound discretion, which this court will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. A reviewing court may consult the entire record when determining the effect of any error on substantial rights. United States v. Vonn, 535 U.S. 55, 58-59 (2002).

At rearraignment, the magistrate judge incorrectly admonished Gonzalez regarding the penalties associated with the conspiracy count. However, Gonzalez's written plea agreement, which he signed, correctly states the applicable maximum and mandatory minimum sentences. In view of the entire record, Gonzalez fails to show that, but for the error at rearraignment, he would not have entered a guilty plea. See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004); Vonn, 535 U.S. at 58-59.

Gonzalez argues that the district court erred in enhancing his sentence on the conspiracy count by two levels for his role in the offense.  He contends that the enhancement, which was imposed because he recruited an individual who had a permit to carry a handgun, violates U.S.S.G. § 2K2.4 and results in impermissible double counting because he was also sentenced for violating § 924(c).  Because Gonzalez did not object to the enhancement on the grounds raised on appeal, our review is for plain error.  See United States v. Cabral-Castillo, 35 F.3d 182, 188-89 (5th Cir. 1994).

"Double counting is impermissible only where the guidelines at issue prohibit it." United States v. Gaytan, 74 F.3d 545, 560 (5th Cir. 1996).  The text of § 2K2.4 and its commentary does not prohibit application of a role enhancement where the defendant is also convicted of violating § 924(c), and Gonzalez has pointed to no case law that would support such an interpretation.  Gonzalez has failed to establish plain error.  See Cabral-Castillo, 35 F.3d at 188-89.

Gonzalez argues that the district court erred in overruling his objection to the inclusion of information regarding three cocaine transactions totaling 10 kilograms in determining the quantity of drugs for which he was held responsible.  He asserts that he provided information on these transactions after entering into a cooperation agreement under U.S.S.G. § 1B1.8(a).

Credibility determinations in a sentencing hearing "are peculiarly within the province of the trier-of-fact."  United States v. Sarasti, 869 F.2d 805, 806 (5th Cir. 1989).  As Gonzalez acknowledges, the district court implicitly determined, that information on the three transactions was disclosed prior to the formation of a cooperation agreement, a finding consistent with testimony given at sentencing by law enforcement officers who interviewed Gonzalez.  We conclude that the district court did not reversibly err in overruling Gonzalez's objection to the inclusion of information revealed by him regarding these three transactions in calculating the applicable guideline range.  See United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998); Sarasti, 869 F.2d at 806.

AFFIRMED.