# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10390

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GEORGE SNELSON,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-237-1

Before JONES, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:*

Appellant George Snelson pled guilty to possession of fifty grams or more of methamphetamine with intent to distribute. In calculating his sentence, the district court applied a two-point enhancement for possession of a dangerous weapon during the offense and another two-point enhancement for maintaining a premises for the purpose of distributing a controlled substance. On appeal, Snelson challenges the application of both enhancements. The sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

Snelson pled guilty to possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  The Presentence Report (PSR) established a base offense level of 34.  It also applied various conduct-specific enhancements, including a two-point enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon and a two-point enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of distributing a controlled substance.  Snelson objected to both enhancements.  The district court overruled his objections and determined that both enhancements were proper under the Guidelines.

Snelson's total offense level was set at 39.  With a criminal history category of IV, the resulting advisory Guidelines range was 360 months to life imprisonment.  As Snelson's underlying offense carries a maximum sentence of 40 years, the appropriate Guidelines range was shortened to 360–480 months of imprisonment.  U.S.S.G. § 5G1.1.  The district court adopted the PSR and sentenced Snelson to 360 months of imprisonment and four years of supervised release.  Snelson timely appealed.

## DISCUSSION

On appeal, Snelson contends that the district court erred by applying both two-point enhancements.

### I.

Snelson first challenges the district court's application of the two-point enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon.  At sentencing, he objected to this enhancement on the ground that there was no evidence in the record to show when the firearm described in the PSR was purchased or that he possessed a firearm during commission of the offense.  On appeal, Snelson now argues that it is "clearly improbable" that the

No. 16-10390

firearm was connected to his September 2014 offense because it was purchased in December 2014.

We review the district court's legal interpretation of the Guidelines de novo, and its application of the guidelines to the facts of the case for clear error. *United States v. Paulk*, 917 F.2d 879, 882 (5th Cir. 1990). The decision to apply section 2D1.1 is a factual question and so it is reviewed for clear error. *United States v. Eastland*, 989 F.2d 760, 769 (5th Cir. 1993).

Section 2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "Before a sentencing court can apply § 2D1.1(b)(1), the government must prove weapon possession by a preponderance of the evidence." *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). Possession can be established "by showing a temporal and spatial relationship of the weapon, drug trafficking activity, and the defendant." *Id.*

Snelson incorrectly contends that the enhancement can only be applied if he possessed a firearm during the commission of the actual offense for which he was convicted. *United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995) ("[The § 2D1.1(b)(1)] adjustment is not limited to those scenarios in which the defendant possesses a dangerous weapon during the offense of conviction; the adjustment is also to be made when the defendant possesses a dangerous weapon during the course of related relevant conduct."). The enhancement can be validly applied to the conduct of the offense, as well as all other relevant conduct under U.S.S.G. § 1B1.3(a)(1). *Id.*; *Paulk*, 917 F.2d at 884 ("The district court [can] properly consider related relevant conduct in determining the applicability of section 2D1.1(b)(1).").

Here, the two-point enhancement was based on Snelson's December 2014 purchase of a handgun from one of the persons involved in his methamphetamine trafficking operation. The PSR indicated that after

3

No. 16-10390

Snelson was arrested for the methamphetamine possession that formed the basis of his underlying conviction, he was released on personal recognizance and continued to sell methamphetamine from November 2014 to August 2015.

The district court found that this continued trafficking constituted relevant conduct, and also determined that a temporal and spatial relation existed between the firearm, the drug-trafficking activity, and the defendant. *See Paulk*, 917 F.2d at 884. Snelson does not challenge either of these determinations, and instead merely relies upon his contention that the enhancement does not apply because the firearm was purchased three months after the offense of conviction occurred.

Accordingly, Snelson has failed to show that the district court clearly erred in applying the section 2D1.1(b)(1) enhancement. *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995).

## II.

Snelson also challenges the district court's application of the two-point enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. The district court applied the enhancement based on undisputed facts in the PSR and its addenda that Snelson regularly rented and used various hotel rooms in the Dallas-Fort Worth area to store and distribute methamphetamine. Snelson argues there is no evidence in the PSR to establish that he continuously used any single motel room or that he used a single room for a continued duration. As a result, he claims there is insufficient continuity between the rooms to rise to the level of maintaining a premises.

Because Snelson objected to the enhancement in the district court on the same ground advanced on appeal, this court will review the district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Johnson*, 619 F.3d 469, 472 (5th Cir. 2010).

No. 16-10390

Section 2D1.1(b)(12) permits a two-point enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance."  A "building, room, or enclosure" can qualify as a premises under the Guidelines.  U.S.S.G. § 2D1.1(b)(12) cmt. 17.

The PSR and its addenda contained evidence that Snelson would sell methamphetamine from various motel rooms in Dallas-Fort Worth and would remain in some of those rooms for multiple days before moving to another location.  The factual statements in a PSR are "presumed reliable and may be adopted by the district court 'without further inquiry' if the defendant fails to demonstrate by competent rebuttal evidence that the information is 'materially untrue, inaccurate or unreliable.'"  *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002).  Because Snelson did not show that the evidence in the PSR was materially untrue, the district court was entitled to rely on it during sentencing.  *Ayala*, 47 F.3d at 690 ("[I]n the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it.").

Snelson contends that this court requires more evidence of continuity to fulfill this guideline.  He relies on *United States v. Morgan*, 117 F.3d 849, 856-58 (5th Cir. 1997), a case involving a conviction under the "crackhouse" statute, 21 U.S.C. § 856(a)(1).  Assuming *arguendo* that the criminal statute affords a model for interpretation of section 2D1.1(b)(12), *Morgan* is distinguishable.  The defendant there did not own or lease the premises, which belonged to a fellow conspirator; here, Snelson "maintained" various motel rooms, which *he* leased for up to a week at a time, all for the purpose of distributing methamphetamine.

5

No. 16-10390

Accordingly, the district court's determination that Snelson maintained a premises for storing and distributing methamphetamine is plausible in light of the record as a whole and Snelson has failed to show reversible error.[1]

## CONCLUSION

The appellant's sentence is **AFFIRMED**.

---

[1] This holding is consistent with this court's prior precedent. *United States v. Navarro*, 582 F. App'x 510, 511 (5th Cir. 2014) (per curiam) ("[T]he unrebutted facts in the PSR and its addenda support the district court's finding that [the defendant] and her on-and-off boyfriend moved from hotel to hotel, selling methamphetamine from the rooms in which they stayed. . . . [The defendant] has not shown that the district court's factual findings were clearly erroneous or that it erred in applying [the premises enhancement] in this case."). We cite this unpublished opinion in this decision not because it is precedential, which it is not, *see* 5TH CIR. R. 47.5.4, but to show the consistency of our dispositions.