# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10472

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KATHRYN WOODIN MARKLE, also known as "Boxer",

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-159-3

Before HAYNES, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Kathryn Markle pleaded guilty of conspiracy to possess with intent to distribute a controlled substance. Markle's presentence report ("PSR") was based on interviews with several law enforcement officers and compiled numerous accounts of Markle purchasing methamphetamine from at least three different sellers. Based on these accounts, the PSR concluded that Markle was accountable for a total of 6.9 kilograms of methamphetamine,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resulting in a base offense level of 34 under the Sentencing Guidelines. *See* U.S.S.G. § 2D1.1(c)(3). After an enhancement for possession of a firearm during the conspiracy, *see id.* § 2D1.1(b)(1), and a reduction for acceptance of responsibility, *see id.* § 3E1.1, the PSR calculated Markle's total offense level at 33, resulting in a guidelines range of 135 to 168 months.

At her sentencing hearing, Markle challenged the PSR's findings on the quantity of drugs she had purchased[1] and on her possession of a firearm, and also argued for a downward variance. In support of her challenge to the PSR, Markle called Robert Young, an investigator from the Hood County, Texas District Attorney's office who had given her a polygraph exam. Young testified that, in the polygraph, Markle denied receiving drugs in the quantities alleged in the PSR and denied having traded a firearm for drugs. Young estimated the chance that Markle was being truthful in these responses at "about 84%." Markle also called private investigator Scott Porter, who had interviewed one of Markle's co-conspirators, Richard Lee Pinto, by telephone. The PSR had estimated that Markle received a total of over 600 grams of methamphetamine from Pinto. Porter testified that, according to Pinto, Pinto had only occasionally provided Markle with methamphetamine, and although they had smoked methamphetamine together, the total amount was "at most" a quarter of an ounce (approximately 7 grams). In response, a DEA Agent testified that evidence from other co-conspirators, which supported the PSR's findings of higher quantities of methamphetamine, was credible whereas Pinto's testimony was not.

The district court overruled Markle's objections to the PSR. In doing so, the court criticized the wording of the polygraph questions and opined that

---

[1] Had Markle been found responsible for less than five kilograms of methamphetamine, her total offense level would have dropped by two. *See id.* § 2D1.1(c).

Markle might have given different answers if the questions had been better phrased. The court also "g[a]ve more credence" to the interview reports provided by the Government "than [to] what Mr. Pinto might have said over the telephone." Therefore, the court adopted the PSR's conclusions regarding drug quantity and firearm possession and gave Markle a low-end sentence of 135 months in prison.

Markle raises two issues on appeal: whether the district court improperly overruled her objections to the PSR, and whether her 135-month sentence was substantively unreasonable. "The district court's calculation of the quantity of drugs involved in an offense is a factual determination," and will be reversed only if "clearly erroneous." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The same standard applies to a finding that a defendant possessed a firearm. *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Akins*, 746 F.3d 590, 609 (5th Cir. 2014). A sentence's reasonableness is reviewed "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).

Markle has not shown error on either issue. When sentencing a defendant, a court may consider relevant information "provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). A PSR "generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010). In this case, the PSR was supported by statements garnered from police interviews of Markle's co-conspirators. A "district court may properly find sufficient reliability on a presentence investigation report which is based on the results of a police investigation." *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014).

No. 18-10472

Markle's countervailing evidence, consisting of a polygraph exam and the results of a telephone interview with Pinto, is insufficient to rebut the PSR. "[T]here is simply no consensus that polygraph evidence is reliable." *United States v. Scheffer*, 523 U.S. 303, 309 (1998). The district court here did not reject polygraph evidence categorically, but simply did not "accept it over the other information that the probation officer legitimately relied on" in crafting the PSR. Whether to admit polygraph evidence at all is a "necessarily flexible inquiry" that is "left to the sound discretion of the trial court." *United States v. Pettigrew*, 77 F.3d 1500, 1514 (5th Cir. 1996). Given that flexibility, Markle has not shown that the court's decision to trust the PSR over the polygraph was an abuse of discretion. Markle's reliance on Pinto's testimony fares no better. The district court expressly found Pinto's statements less credible than the evidence from other co-conspirators. "Credibility determinations are peculiarly within the province of the trier-of-fact," *United States v. Sarasti*, 869 F.2d 805, 807 (5th Cir. 1989), and we will not overturn the district court's determination here. We see no reason to believe that adopting the PSR's findings was "clearly erroneous."

Finally, Markle's challenge to the substantive reasonableness of her sentence also fails. "Appellate review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge their import . . . with respect to a particular defendant." *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). Markle, in essence, asks us to reweigh the sentencing factors, which we will not do. While Markle did put forward several mitigating factors, none *required* imposing a lesser sentence. The district court considered the mitigating factors and concluded that "a sentence at the very bottom of the guideline range would be . . . appropriate[.]" We see no abuse of discretion in that determination.

AFFIRMED