# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10254

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

>   Plaintiff - Appellee

v.

DAMONI OWENS,

>   Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-37-1

Before WIENER, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant pleaded guilty to possessing a firearm as a felon, and the district court imposed a within-Guidelines sentence. Defendant-Appellant appeals only the application of a four-level enhancement under Section 2K2.1(b)(6)(B) of the Sentencing Guidelines ("Section 2K2.1"), which applies "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). The district

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court applied the enhancement based on Defendant-Appellant's alleged participation in the burglary in which the firearm giving rise to his conviction was stolen. Defendant-Appellant objected, arguing that there was no evidence that he (as opposed to his co-conspirator) took the gun during the burglary. On appeal, he argues that when the felony justifying the application of the enhancement in question is a burglary, the enhancement only applies if the defendant himself "finds and takes a firearm." *See id.* cmt. n.14(B).

The parties dispute whether the district court made an explicit factual determination regarding Defendant-Appellant's participation in the burglary. Having reviewed the record, we conclude that it is unclear what factual determination the district court reached.

At the sentencing hearing, the government responded to Defendant-Appellant's objection that there was insufficient evidence that he was "party" to the burglary by arguing that Defendant-Appellant himself took the gun. The district court interrupted the government's argument to comment that the evidence could also show that Defendant-Appellant "was participating with someone who stole [the handgun], cooperated with someone, participating, conspiring with." The government agreed, but continued to insist, "I think it's more probable than not [that Defendant-Appellant] stole it, and a big part of it is because I just don't find him to be credible. . . ."

After hearing the parties' arguments, the district court found that the enhancement applied. In making that finding, the court opined:

> My finding is that the specific offense characteristic set out in Paragraph 25[1] of the third addendum is appropriate because it appears, by a preponderance of the evidence, that the defendant, along with Vernon Williams, were in the business of burglarizing

---

[1] Paragraph 25 states: "The defendant and Williams stole the firearm listed in the offense of conviction during a Burglary of a Habitation on August 18, 2014. USSG § 2K2.1(b)(6)(B) provides for a 4 level increase if the defendant used or possessed any firearm or ammunition in connection with another felony offense."

places in series and that the information contained in the original presentence report at Paragraphs 53 and 54 make it clear that these two individuals were engaged in common activity of burglarizing places, one on August 18 at Paragraph 53 that is misnumbered in the third addendum as Paragraph 54, and in actual Paragraph 54, there is in the original presentence report additional information supporting the fact that [the co-defendant] and the defendant were engaged in this behavior together, and it's clear that [Defendant-Appellant] was aware of the conduct of his co-defendant and is properly chargeable with what he did as well because they were involved in a common endeavor and, also, for the reasons articulated by [the prosecutor] on behalf of the government. So the objection to the inclusion of the four points in Paragraph 25 of the third addendum is overruled.

It is reasonable, given the government's argument, to conclude that the district court found that Defendant-Appellant himself took the handgun. But it is also reasonable to read the same language and conclude that the district court found only that Defendant-Appellant was "properly chargeable" with the conduct of his associate, who himself stole the gun.

We are disinclined to reach a determination regarding the legality of applying the relevant enhancement in situations like these absent more clarity from the district court, which is charged with making findings of fact. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (explaining that a district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, while its factual findings are reviewed for clear error); *see also United States v. Sarasti*, 869 F.2d 805, 807 (5th Cir. 1989) ("Credibility determinations are peculiarly within the province of the trier-of-fact, and we will not disturb the sentencing judge's findings."). We therefore VACATE Defendant-Appellant's sentence and REMAND this case for the limited purposes of (1) factfinding regarding how the firearm in question came to be in Defendant-Appellant's possession; and (2) resentencing.